**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5364-17T4

PEDRO VASQUEZ,

    Plaintiff-Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Defendant-Respondent.

_____

Submitted May 26, 2020 – Decided September 9, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the New Jersey State Parole Board.

Pedro Vasquez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Pedro Vasquez appeals from the New Jersey State Parole Board's (Board) February 27, 2019[1] final agency decision denying him parole and imposing a sixty-month future eligibility term (FET). On appeal, he asserts that the Board's decision was not supported by the record. Additionally, he contends the Board erred in failing to explain why it withheld a confidential document from him. We affirm the Board's denial of parole but remand for the Board to articulate its reason for nondisclosure of the confidential document.

Vasquez is serving a life sentence, with a mandatory minimum of thirty years, for the 1988 murder of his girlfriend. Vasquez and his girlfriend were arguing, when a physical altercation ensued. Vasquez strangled and stabbed his girlfriend, which caused her death, and then dismembered her body into fourteen parts and discarded the parts in various locations throughout Newark.

Vasquez became eligible for parole on March 3, 2018. He received an initial hearing on December 29, 2017, and the hearing officer referred the matter to a Board panel. On January 8, 2018, a two-member panel held a hearing and referred Vasquez for a full Board hearing, pursuant to N.J.A.C. 10A:71-3.18(c).

---

[1] The notice of appeal indicates a final agency decision dated June 6, 2018, but this is incorrect, as the June 6, 2018 decision was the first decision the Board issued after the parole hearing. After Vasquez filed this appeal on July 16, 2018, we temporarily remanded the matter for issuance of a final agency decision.

A-5364-17T4

After a hearing on April 3, 2018, the full Board denied Vasquez parole and referred the matter for establishment of a FET that might be in excess of administrative guidelines. The Board based its decision on the serious nature of the offense, incarceration for multiple offenses,[2] and insufficient problem resolution, evinced by Vasquez's lack of insight into his criminal behavior and minimization of his conduct. In mitigation, the Board considered Vasquez's lack of a prior offense record, lack of infractions while incarcerated, program participation revealing a favorable institutional adjustment, minimum custody status, and risk assessment evaluation indicating a low risk of recidivism.

On June 6, 2018, the full Board established a sixty-month FET.[3] In establishing a FET outside the administrative guidelines, the Board relied on the same factors supporting its denial of parole, and it noted that a confidential document played a "significant role" in establishing the FET. The Board found that Vasquez "downplayed how the relationship with [his] girlfriend had

---

[2] In addition to first-degree murder, Vasquez was also convicted of and sentenced to a concurrent three-year term for third-degree possession of a weapon for an unlawful purpose.

[3] The FET commenced on Vasquez's parole eligibility date of March 3, 2018, and it will be reduced by commutation, work, and minimum custody credits. Accordingly, Vasquez's projected parole eligibility date is in February 2021. The Board considered this information when establishing the sixty-month FET.

A-5364-17T4

deteriorated negatively," revealing that he was still "unable to understand the depth of the behavioral and emotional issues that affected [his] violent decision-making" and could not "recognize stressors, cues and triggers that negatively impact upon [him]." Vasquez needed to make more progress in acknowledging his "emotional distress and feelings of anger [that] dictated [his] negative behavior."

Vasquez appealed, and on February 27, 2019, the full Board affirmed the denial of parole and the imposition of the sixty-month FET. The Board reiterated that Vasquez "exhibit[ed] insufficient problem resolution" and noted that although he participated in rehabilitative programs and may have made some progress, he gained little insight into the causes of his criminal behavior.

On appeal, Vasquez raises the following points for our consideration:

> POINT I:
>
> THE PAROLE BOARD'S DECISION TO DENY PAROLE AND SET A FET DATE OUTSIDE THE GUIDELINES IS NOT SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE IN THE RECORD THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WILL COMMIT A CRIME UNDER THE LAWS OF THIS STATE IF RELEASED ON PAROLE AND IS ARBITRARY AND CAPRICIOUS AS IT IS NOT BASED ON RATIONAL OR REASON.

POINT II:

THE PAROLE [BOARD] FAILED TO ARTICULATE THE REASONS FOR WITHHOLDING THE CONFIDENTIAL MATERIAL USED TO DENY PAROLE AND SET A FET OF [SIXTY] MONTHS (Not raised below).

"Board decisions are highly 'individualized discretionary appraisals,'" and such "determinations 'are always judicially reviewable for arbitrariness.'" Trantino v. N.J. State Parole Bd. (Trantino VI), 166 N.J. 113, 173 (2001) (first quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973); then quoting Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971)); accord Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222-23 (2016) ("Judicial review of the Parole Board's decisions is guided by the arbitrary and capricious standard that constrains other administrative action."). Therefore, we will uphold the Board's decision if it applied the correct legal principles and its factual findings are supported by sufficient, credible evidence in the record. Trantino v. N.J. State Parole Bd. (Trantino IV), 154 N.J. 19, 24 (1998) (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988)).

After considering the record in light of the applicable legal principles, we affirm the denial of parole substantially for the reasons expressed in the Board's well-reasoned decision. We add the following.

A-5364-17T4

For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime . . . if released on parole.'" Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (quoting L. 1979, c. 441, § 9); N.J.A.C. 10A:71-3.10(a). Under this standard, the Board must consider the aggregate of all pertinent factors set forth at N.J.A.C. 10A:71-3.11(b). In reaching its decision, the Board considered its interview of Vasquez, his pre-parole report, and his case file documents, including the confidential document, and it evaluated relevant statutory factors, even finding several mitigating factors. We agree with the Board's conclusion that Vasquez's lack of insight into the causes of his violent acts warranted a finding of a substantial likelihood that he would commit another crime if released. Under these circumstances, denial of parole was well within the Board's discretion.

Likewise, we discern no basis to disturb the sixty-month FET. Ordinarily, an inmate serving a sentence for murder is assigned a twenty-seven-month FET, increased or decreased by up to nine months at the Board's discretion. N.J.A.C. 10A:71-3.21(a), (c). However, the Board may depart from this standard if, upon consideration of the factors enumerated in N.J.A.C. 10A:71-3.11, it "is clearly

inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). Given the Board's well-supported finding that Vasquez failed to demonstrate satisfactory progress after thirty years, an additional thirty-three months over the ordinary term is not arbitrary or unreasonable.

However, we are troubled that the Board did not articulate a reason in its files for withholding from Vasquez the confidential document on which it significantly relied in establishing the FET. When the Board declines to disclose confidential documents to an inmate, it must identify the document as confidential and also note the reason for nondisclosure in its files. N.J.A.C. 10A:71-2.2(c); Thompson v. N.J. State Parole Bd., 210 N.J. Super. 107, 126 (App. Div. 1986). We discern no notation in the Board's files explaining that it withheld the document to avoid interfering with Vasquez's rehabilitation or his relationship with his therapist or to otherwise ensure the safe operation of the prison. Thompson, 210 N.J. Super. at 123. Because the Board did not justify the nondisclosure in its files, we remand the matter to the Board to comply with this requirement. Should the Board determine that disclosure is appropriate, Vasquez may review the withheld document, and the Board shall reconsider the FET.

7

To the extent we have not addressed Vasquez's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part and remanded in part for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5364-17T4